TOWN OF EMERY, Respondent, v. CHICAGO, M. & ST. P. RY. CO., Appellant.

(153 N. W. 655.)

(File No. 3712.   Opinion filed July 16, 1915.)

1.  **Eminent Domain—Power of Municipal Corporation—Condemnation of Railway Property—Statutory Construction—Previous Laws Applied to Subsequent Amendment.**

Pol. Code, Sec. 1441, as amended by Laws 1913, Ch. 111, authorizes any incorporated town to extend any street across tracks, right of way or land of any railroad company.   Sec. 1442 authorizes any such town to condemn private property for all public uses provided for by the article embracing Secs. 1438-1442, upon resolution of the trustees, etc.   Held, that an incorporated town has power to condemn a railroad right of way for an extension of a street across it, since, while Sec. 1441 does not authorize condemnation proceedings, Sec. 1442 does authorize such proceedings in cases provided for in said article embracing sections as stated, including Sec. 1441, and when the latter section was amended, Sec. 1442 applied to Sec. 1441 as amended, authorizing extension of streets across railroads, as though it were enacted simultaneously with or subsequently to such amendment.

2.  **Eminent Domain—Condemnation of Railroad Property by Incorporated Town—Street Crossing—Superior Right as Between State, Railroad and Town—Police Power, Surrender by State to Railroad—Public Use, Distinguished from Public Property.**

In a suit for condemnation by an incorporated town of railroad property for a street crossing, held, that, under Pol. Code,

Secs. 1441, 1442, authorizing trustees of such town to condemn railroad property for extension of street across a right of way, the town could so condemn, notwithstanding the railroad company had previously exercised its right of condemnation of the land in question; that the power of the town to condemn was not exhausted by its exercise of the right of condemnation by the railroad company, the police power of the state to subject private property to public use not having been surrendered when the railroad company obtained its right of way, and tracks thereon subject to future public interest; that the plaintiff's right of eminent domain remained superior to that of the railroad company, and the fact that the railroad property is devoted to a public use does not make it public property, it being still subject to appropriation and condemnation for public use for street purposes.

3. **Constitutional Law—Eminent Domain—Condemnation of Railroad Property for Street—Obligation of Contracts—Statutes.**

The condemnation of railroad property by an incorporated town for extension of a street across a right of way was expressly authorized, under Pol. Code, Secs. 1441, 1442, providing for such condemnation; and such condemnation was not violative of Const. U. S., Art. I., Sec. 10, as amounting to an impairment of the obligation of contract between the railroad company and the state.

4. **Constitutional Law—Eminent Domain—Condemnation of Railroad Right of Way for Street—Due Process of Law—Statutes.**

The condemnation by an incorporated town of railroad property for extension of a street across a right of way, authorized by Pol. Code, Secs. 1441, 1442, held, not violative of Const. U. S., Amend. 14, as depriving the railroad company of its property without due process of law.

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Condemnation proceedings by the incorporated Town of Emery against the Chicago, Milwaukee & St. Paul Railway Company, to condemn defendant's right of way for the extension of a street across it. From a judgment awarding compensation, the defendant appeals. Affirmed.

*William G. Porter,* and *Ed. L. Grantham,* for Appellant.

*W. E. Van Demark,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: Neither the amendment to Sec. 1441, Pol. Code, the section as amended, nor the title to the original act or to the amendatory act, makes any reference to the subject of condemn-

ing property. That no authority exists in plaintiff to condemn railroad or other property already appropriated to public use, and appropriate it to another and different public use.

That, if Sec. 1441 as amended, did authorize condemnation of railroad property, it would be unconstitutional.

That the title to Ch. 40, C. C. C. applies only to condemnation of private property; so, if it be asserted that by implication Sec. 1441 as amended, authorizes taking of property devoted to a public use, and appropriation of same to another public use, neither the title or the text of said chapter authorizes such proceeding.

Respondent submitted that: The board of trustees are given express power to extend any street over and across any land, right of way, or railroad tracks of any railway company, and to have the compensation to be paid by the railway company determined, as respondent has done; and cited: Sec. 1441, Pol. Code, as amended by Ch. 111, Laws 1913; Sec. 1442, Pol. Code; Secs. 878, 863, C. C. P.; Art. 6, Sec. 13, Const.; 36 Cyc. 1073; Morrow v. Wipf, (S. D.) 115 N. W. 1121; Chicago & N. W. Ry. Co. v. City of Chicago, (Ill.) 37 N. E. 842; Chicago & N. W. Ry. Co. v. City of Morrison, (Ill.) 63 N. E. 96.

(2) Under point two of the opinion, Appellant submitted that: Mere authorization to extend the streets cannot by implication be extended to include the power to appropriate land already subjected to a public use; and cited: Winona & St. Paul Railway Company v. City of Watertown, 4 S. D. 323.

That when property is once appropriated for a public use, it is no longer private property and cannot be taken and appropriated for another public use without express legislative authority. Winona, etc., Ry. Co. v. City of Watertown, supra.

That the railroad company has power of eminent domain superior to that of an incorporated town; and cited: Secs. 505, 519, C. C.

Respondent cited: Louisville & Nashville Ry. Co. v. City of Louisville, 114 S. W. 743, 24 L. R. A. (N. S.) 1213; Art. 6, Sec. 13, Const.; Sec. 1442, Pol. Code; Sec. 863, C. C. P.; Chicago & N. W. Ry. Co. v. City of Chicago, (Ill.) 37 N. E. 842; Words & Phrases, Vol. 6, p. 5577; Commissioners v. Wilters, (Miss.) 64

A. D. 126; Chicago, Milwaukee & St. Paul Ry. Co. v. Stark-weather, (Iowa) 31 L. R. A. 183.

(4) Under point four of the opinion, Appellant submitted that: The taking of the defendant's property under said proceedings deprives the defendant of its property without due process of law, and deprives it of immunities from seizure, molestation and destruction guaranteed by the Federal Constitution; and cited. Art, 1, Sec. 10, U. S. Const.

Respondent cited: Winona & St. Paul Railway Company v. City of Watertown, 4 S. D. 323, 56 N. W. 1077.

GATES, J. From a judgment in condemnation proceedings awarding it damages for the extension of a street across its right of way and railroad tracks in the town of Emery, the defendant has appealed. No question as to the sufficiency of the award is raised. The appeal raises merely questions of law.

The respondent is an incorporated town, existing under the provisions of chapter 15, Rev. Pol. Code. Sections 1441, 1442, Pol. Code, provided:

Section 1441: "The board of trustees shall have * * * power to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve roads, streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same, and to construct and keep in repair bridges, culverts and sluiceways. * * *"

Section 1442: "Any incorporated town shall have the power to condemn and appropriate private property for all such public uses and purposes as provided for by this article, which power shall be exercised upon a resolution therefor, passed by a two-thirds vote of the trustees of such town, which shall state the purpose and extent of such appropriation; and the proceedings thereunder shall be as is provided for by chapter 40 of the Code of Civil Procedure."

The Legislature of 1913, by chapter 111, amended the above-quoted powers, contained in section 1441, Pol. Code, by adding thereto the following:

"To extend any street, alley, or highway, over and across, or to construct any sewer under or through any railroad tracks,

right of way or land of any railway company within the corporate limits."

After this amendment became effective, and on November 24, 1913, the board of trustees, by a unanimous vote, passed a resolution opening and extending the west 47 feet of Third Street south across the defendant's right of way to connect with Third street in an addition to the town on the south side of said right of way. Said resolution further recited the necessity of condemning and appropriating said strip of land, and that a petition be filed in the circuit court praying that the just compensation to be made for such property so appropriated and condemned be ascertained by a jury, and that further proceedings be had, as provided by chapter 40, Code Civ. Proc.

[1] It is first contended by appellant that the amended section 1441, Pol. Code, does not authorize condemnation proceedings. That is true. It does not purport to do so; but section 1442, Pol. Code, does authorize condemnation proceedings in the cases provided by article 2, c. 15, Pol. Code, which article embraced sections 1438 to 1442, inclusive. When section 1441 was amended, then section 1442 applied to the amended section 1441 with like force and effect as though section 1442 were enacted simultaneously with or subsequently to the amended section 1441. It is therefore clear that there is express authority in the town by the vote of two-thirds of its trustees to appropriate and condemn the right of way of a railway company for street purposes. The board in this case has acted unanimously.

[2] It is next claimed that the power of the railway company, under its right of eminent domain, is superior to that of the plaintiff, and that, the railway company having exercised its right, the city has no further power; that it has been exhausted by its exercise by the defendant. It is further contended that the action of the city violates section 10, art. 1, of the Constitution of the United States and amendment 14 thereto, in that it amounts to an impairment of the obligation of contract between the railway company and the state and is a taking of its property without due process of law. There surely is not the least merit in any of these contentions. 9 Ency. U. S. S. C. Rep. 494. The police power of the state to subject private property to public use was not surrendered when the railway company obtained this right of

way, nor has there since been any such surrender, even if there could be.

In Chicago, B. & Q. R. Co. v. Illinois ex rel. Grimwood, 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175, the court said:

"But the railway company, in effect, if not in words, insists that the rights which it asserts in this case are superior and paramount to any that the public has to use the water course in question for the purpose of draining the lands in its vicinity, although such water course was in existence, for the benefit of the public, long before the railway company constructed its bridge. This contention cannot, however, be sustained, except upon the theory that the acquisition by the railway company of a right of way through the lands in question, and the construction on that right of way of a bridge across Rob Roy creek, at the point in question, carried with it a surrender by the state of its power, by appropriate agencies, to provide for such use of that natural water course as might subsequently become necessary or proper for the public interests. If the state could part with such a power, held in trust for the public (which is by no means admitted), it has not done so in any statute either by express words or by necessary implication. When the railway company laid the foundations of its bridge in Rob Roy creek, it did so subject to the rights of the public in the use of that water course, and also subject to the possibility that new circumstances and future public necessities might, in the judgment of the state, reasonably require a material change in the methods used in crossing the creek with cars."

In Louisville & Nashville Ry. Co. v. City of Louisville, 131 Ky. 108, 114 S. W. 743, 24 L. R. A. (N. S.) 1213, the court said:

"When the state grants to a public or private corporation the right to exercise a part of its sovereign power to take private property for a public use, it always does so with the implied understanding that future control over the property so taken is not surrendered by the state. It reserves for the public good the power to take again, and as many times as may be necessary, so much of the property as is needful for the use of the public, al-

though this may in some cases go to the extent of destroying the first use."

So here, when the railway company obtained its right of way and laid its tracks across this land, it did so subject to the rights of the public, defined, or to be thereafter defined, by the Legislature acting within its police power. It is the right of eminent domain in the public that is superior in this case, not the right of the railway company. It is true, as claimed by the appellant, that its property is devoted to a public use, but that use does not make of it public property. It is still private proprety and subject to appropriation and condemnation for public use for street purposes.

[3, 4] The proceedings in this case were strictly regular. They were authorized by express legislative enactments. Such enactments violated no provision of the federal Constitution nor of the state Constitution.

The judgment appealed from is affirmed.